**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   07-cv-01554 REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES INC. d/b/a SILVERCOOL SERVICE CO.,
a Colorado corporation,

      Plaintiff,

v.

ABBA BONDING, INC. d/b/a/ ABBA BONDING,
an Alabama corporation;
MORRIS C. SEARS;
JOANN SEARS;
NEWSTROM-DAVIS CONSTRUCTION COMPANY OF COLORADO,
a Colorado corporation; and
JOHN DOES 1 through 10.

      Defendants.

## ADDENDUM TO SCHEDULING ORDER

1. **Electronically stored information**. The parties have exchanged descriptions of their computer systems and Electronically Stored Information ("ESI"). The parties will segregate and preserve all ESI that may be used to support their claims or defenses as follows:

    a. Plaintiff JBlanco Enterprises Inc. has created a dedicated offsite backup of the electronically stored information associated with the paper documents it disclosed pursuant to Fed. R. Civ. P. 26(a)(1).

    b. Defendant Newstrom-Davis Construction Co. has created a dedicated offsite backup of the electronically stored information associated with the paper documents it disclosed pursuant to Fed. R. Civ. P. 26(a)(1).

    c. Defendant ABBA Bonding, Inc. has created a dedicated offsite backup of the electronically stored information associated with the paper documents it disclosed pursuant to Fed. R. Civ. P. 26(a)(1), except that any electronic mail it disclosed is not stored in this offsite backup.

    d. Any ESI created by Defendants Morris Sears and Joanne Sears was generated on the computer systems owned by Defendant ABBA Bonding, Inc.

2. **E-Mail information**. Counsel agrees to the following protocols with respect to e-mail information:

    a. The parties shall not be required to disclose electronic correspondence between the parties and their current or former counsel.

    b. The parties shall not be required to disclose electronic correspondence between the parties and their experts. Discoverable correspondence shall be provided in accordance with the deadlines enumerated in the Federal Rules of Civil Procedure.

    c. The parties shall include requests for particular e-mail and electronic documents in their discovery requests. Counsel shall discuss and determine any additional search protocols after the parties have propounded their discovery requests.

    d. After a party receives discovery requests, the party must determine which of the requested information, if any, is not reasonably accessible ESI, and must advise the opposing party that the information is not reasonably accessible within fifteen days of the date it receives the discovery requests. This advisement must be made before the deadline to respond to the discovery.

3. **Deleted information**.

   a. Plaintiff JBlanco Enterprises Inc. has not deleted responsive data.

   b. Defendant Newstrom-Davis Construction Co. has not deleted responsive data.

   c. Defendant ABBA Bonding, Inc. has not deleted responsive data, but it has automatically deleted its electronic mail every sixty days.

   d. Any ESI created by Defendants Morris Sears and Joanne Sears was generated on the computer systems owned by Defendant ABBA Bonding, Inc.

   e. Plaintiff has requested that ABBA Bonding, Inc. cease and desist the automatic deletion of its electronic mail.

   f. If one of the parties requires a search of deleted data, the party shall request such data in its discovery requests.

   g. After a party receives discovery requests, the party must determine which of the requested information, if any, is not reasonably accessible, and must advise the opposing party that the information is not reasonably accessible within fifteen days of the date it receives the discovery requests. This advisement must be made before the deadline to respond to the discovery.

4. **"Embedded data" and "Metadata."** Counsel does not require the production of any of the parties' embedded data or metadata at this time.

5. **Back-up and archival data**. To the extent back-up and archival data is necessary, counsel agrees that its production has been sufficiently addressed in the sections of this Addendum to the Scheduling Order that concern electronic mail (Section 2), deleted information (Section 3), and reasonably accessible information and costs (Section 7).

6. **Format and media**. Counsel agrees that the parties shall produce their electronically stored information on compact discs or DVDs.

7. **Reasonably accessible information and costs**.

    a. After a party receives discovery requests, the party must determine whether any of the requested information is not reasonably accessible, and must advise the opposing party that the information is not reasonably accessible within fifteen (15) days of the date it receives the discovery requests. This advisement must be made before the deadline to respond to the discovery.

    b. The parties will promptly confer concerning who shall bear the burden of the costs of production when and if a party determines that requested information is not reasonably accessible.

8. **Privileged or Trial Preparation Materials**. The parties agree that no privilege or protection that may be asserted will be waived by the production of ESI. Waiver will not result from the inadvertent production of privileged or protected information as outlined in this Addendum.

    The parties agree that a party asserting a claim of privilege or protection after production will give notice to the receiving party. That notice will be in writing unless the circumstances preclude it, such as during a deposition. The notice will be as specific as possible in identifying the information and stating the basis for the claim.

    After receiving notice, each party that received the information must promptly challenge the claim of privilege with the court, return, sequester, or destroy the information and any copies it has. No receiving party may use or disclose the

information pending resolution of the privilege claim. The receiving party may present to the court the questions of whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived. If it does so, it must provide the court with the grounds for the privilege or protection specified in the producing party's notice, and serve all parties. In presenting the question, the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

If a party disclosed the information to nonparties before receiving notice of a claim of privilege or protection as trial-preparation material, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

Whether the information is returned or not, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or of protection is properly asserted and whether it was waived.

DATED at Denver, Colorado, this 5th day of October, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

s/ L. Jay Labe

L. Jay Labe
PENDLETON, FRIEDBERG, WILSON
& HENNESSEY, P.C.
1875 Lawrence St., Tenth Floor
303-839-1204
Attorneys for Use Plaintiff,
Silvercool

s/ Theodore P. Watson

Theodore P. Watson
Kent Long
THEODORE WATSON & ASSOCIATES, LLP
1001 S. Monaco Parkway, Suite 310
Denver, CO 80224
Telephone: 720-941-7200
Attorneys for Defendants