IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01554-REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES INC., d/b/a SILVERCOOL SERVICE CO., a Colorado corporation,

    Plaintiff,

v.

ABBA BONDING,INC. d/b/a ABBA BONDING, an Alabama corporation,
MORRIS C. SEARS,
JOANN SEARS,
NEWSTROM-DAVIS CONSTRUCTION COMPANY OF COLORADO, a Colorado corporation, and
JOHN DOES 1 through 10,

    Defendants.

## ORDER DENYING MOTION TO CONTINUE TRIAL

**Blackburn, J**

    This matter is before me on the **Plaintiff's Motion To Vacate Trial Date and for Stay Pending Disposition of Administrative Proceedings Before Colorado Division of Insurance** [#87], filed November 4, 2008. The defendants have filed a response [#92], filed November 24, 2008. I deny the motion.

    The plaintiff asks that the trial of this case, set to begin on January 5, 2009, be vacated pending the resolution of administrative proceedings pending before the Colorado Division of Insurance. In effect, this is a request for a continuance of the trial. The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***,175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The

key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).

I have considered carefully each of the factors listed above as they are applicable to the plaintiff's request for a continuance of the trial in this case. I have considered also the parties' arguments as stated in the plaintiff's motion and the defendants' response. On balance the relevant factors weigh against a continuance of the trial.

In addition, I reject the plaintiff's argument that this court should abstain from hearing this case in favor of determinations that will be made by the Colorado Division of Insurance. The issues concerning some of the defendants that currently are pending before the Colorado Division of Insurance are related to this case, but that relationship is oblique and does not require that this court abstain from hearing this case in favor of the Colorado Division of Insurance. Similarly, the plaintiff has not cited grounds that would support a stay of this case pending resolution of the issues currently pending before the Colorado Division of Insurance.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion To Vacate Trial Date and for Stay Pending Disposition of Administrative Proceedings Before Colorado Division of Insurance** [#87], filed November 4, 2008, is **DENIED**.

Dated December 4, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**