**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01554-REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES INC., d/b/a SILVERCOOL SERVICE CO., a Colorado corporation,

    Plaintiff,

v.

ABBA BONDING,INC. d/b/a ABBA BONDING, an Alabama corporation,
MORRIS C. SEARS,
JOANN SEARS,
NEWSTROM-DAVIS CONSTRUCTION COMPANY OF COLORADO, a Colorado corporation, and
JOHN DOES 1 through 10,

    Defendants.

## ORDER CONCERNING MOTION IN LIMINE

**Blackburn, J.**

    This matter is before me on the defendants' **Motion in Limine To Limit and Exclude Expert Testimony and Report** [#57][1] filed August 8, 2008. The plaintiff filed a response [#70], and the defendants filed a reply [#72].

    The defendants seek the exclusion of certain expert opinion testimony expressed in the report of Edward G. Gallagher, a putative expert witness endorsed by the plaintiffs. Under Fed. R. Evid. 702, the defendants challenge opinions expressed by Gallagher in which he concludes that certain actions by certain of the defendants

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

violated state and federal law. The defendants argue that these opinions must be excluded as inadmissible and impermissible legal conclusions under Rule 702 and *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988).

I note that neither the defendants nor the plaintiff has included with their motion a copy of Gallagher's report, or a quotation of the specific opinions being challenged. The defendants indicate that Gallagher's report is included with their motion as Exhibit A. *Motion in limine* [#57], p. 2. However, no report is attached to the motion as filed with the court. Under the standard terms expressed in my Trial Preparation Conference Orders, including the Trial Preparation Conference Order in this case [#20], a party opposing a Rule 702 motion must provide in their response "a statement of each opinion to be offered by the expert that is opposed by the movant." *Trial Preparation Conference Order* [#20], p. 3. The plaintiff provides no such statement in its response to the present motion.

Rule 702 and the construction of that rule in *Specht v. Jensen* both require that I examine carefully the details of each opinion being challenged based on the contention that the opinion purportedly amounts to an improper statement of the legal standards applicable to the case. Describing the difference between opinions closely related to the law that are admissible under Rule 702 and opinions closely related to the law that are not admissible, the *Specht* court noted that "the line we draw here is narrow." *Specht*, 853 F.2d at 809. Absent a specific statement of the opinions expressed by Gallagher that the defendants contend are inadmissible under Rule 702 and *Specht*, I cannot properly determine on which side of *Specht's* narrow line each opinion falls.

2

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Motion in Limine To Limit and Exclude Expert Testimony and Report** [#57] filed August 8, 2008, is **DENIED** without prejudice;

2. That if the defendants' wish to refile their motion in limine concerning the opinion testimony of Edward G. Gallagher, they may re-file their motion challenging his opinion testimony under Fed. R. Evid. 702 on or before **April 10, 2009**; and

3. That all parties are **DIRECTED** to comply with the requirements for motions under Fed. R. Evid. 702 as stated in the Trial Preparation Conference Order [#20], filed September 27, 2007.

Dated March 20, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge