## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 07-cv-01554-REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES INC., d/b/a SILVERCOOL SERVICE CO., a Colorado corporation,

    Plaintiff,

v.

ABBA BONDING,INC. d/b/a ABBA BONDING, an Alabama corporation,
MORRIS C. SEARS,
JOANN SEARS,
NEWSTROM-DAVIS CONSTRUCTION COMPANY OF COLORADO, a Colorado corporation, and
JOHN DOES 1 through 10,

    Defendants.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendants' Combined Motion for Partial Summary Judgment** [#56][1] filed August 8, 2008; and (2) **Plaintiff's Amended Motion for Partial Summary Judgment Against Abba Bonding, Inc., Morris C. Sears and Joann Sears and Memorandum of Authorities** [#64] filed August 12, 2008. The parties each filed responses [#74 & #75] addressing the motions filed by their opposition, and the defendants filed a reply [#78] in support of their motion

---

[1] "[#56]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

for summary judgment. I deny both motions.[2]

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1345 (United States as plaintiff), 28 U.S.C. § 1352 (bond executed under federal law), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not

---

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. BACKGROUND

In 2006, defendant Newstrom-Davis Construction Company contracted with the United States General Services Administration (GSA) to provide construction, alteration, and repair of the United States Custom House, a federal building in Denver, Colorado. Newstrom entered into a subcontract with the plaintiff, JBlanco Enterprises Inc., d/b/a Silvercool Service Co. (Silvercool). The Silvercool subcontract concerned roofing on the Custom House project. Silvercool began work on the roofing project, but Newstrom terminated the contract with Silvercool before the roofing work was complete. Newstrom claims Silvercool's work was unsatisfactory and that Silvercool's workers repeatedly violated applicable regulations of the Occupational Safety and Health Administration.

As required under the Miller Act, 40 U.S.C. §§ 3131 - 3134, Newstrom, the general contractor, obtained payment and performance bonds to cover the work to be done on the Custom House project. Newstrom contracted with defendants Morris Sears and ABBA Bonding to provide the bonds. As required, bond documents executed by Sears and ABBA were tendered to and accepted by the GSA.

In this lawsuit Silvercool claims it is entitled to additional payment for work it performed for the Custom House project under the contract between Silvercool and Newstrom. Bonds issued under the Miller Act are intended, *inter alia*, to ensure payment to subcontractors who provide work and materials on construction projects on property owned by the federal government. Silvercool claims it is entitled to payment under the payment bond, and it claims that the bonds were not issued properly under applicable law. Silvercool asserts seven claims against the defendants. The plaintiff's only federal claim is a claim under the Miller Act for recovery on the payment bond. The plaintiff asserts also six claims under Colorado law.[3] (1) quantum meruit; (2) promissory estoppel; (3) breach of payment bond contract; (4) violation of the Colorado Consumer Protection Act; (5) bad faith breach of insurance contract; and (6) civil conspiracy. The defendants assert four counterclaims: (1) breach of contract - untimely and substandard performance; (2) breach of contract - unsatisfactory performance; (3) breach of implied warranty of workmanship; and (4) violation of Occupational Safety and Health Administration regulations.

In their motion for summary judgment, the defendants seek summary judgment on all of the plaintiff's claims, except for the Miller Act claim. In its motion for summary judgment, Silvercool seeks summary judgment on all of the defendants' counterclaims.

## IV. PREEMPTION

The defendants argue that the Miller Act preempts all of the plaintiff's state law claims. I disagree.

The United States Supreme Court has outlined three ways in which a federal law

---

[3] The plaintiff has withdrawn voluntarily its claim under the Prompt Payment Act, 31 U.S.C. § 3905.

4

may preempt state law. First, the federal law may preempt state law expressly. Second, the federal law may reflect a Congressional intent to occupy the entire legal field in the area. Third, the state law may conflict with the federal law. Such a conflict is direct when it is not possible to comply with both the federal law and the state law. Such a conflict is indirect when the state law is an obstacle to the accomplishment of the federal objective. *See Michigan Canners & Freezers Ass'n, Inc. v. Agricultural Marketing and Bargaining Bd.*, 467 U.S. 461, 469 (1984); *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984).

Addressing the Miller Act, the Supreme Court has explained that

the Miller Act was designed to provide an alternative remedy to the mechanics' liens ordinarily available on private construction projects. Because a lien cannot attach to Government property, persons supplying labor or materials on a federal construction project were to be protected by a payment bond.

*J. W. Bateson Co., Inc. v. U.S. ex rel. Bd. of Trustees of Nat. Automatic Sprinkler Industry Pension Fund*, 434 U.S. 586, 589 (1978) (internal quotation and citations omitted). The Miller Act does not contain any language expressly preempting state law, and the defendants do not rely on express preemption. The defendants do not cite any conflict, either direct or indirect, between the Miller Act and the state law on which the plaintiff's state law claims are based. Rather, the defendants argue that the Miller Act reflects a Congressional intent to occupy the entire legal field in the area. *Defendants' motion for summary judgment*, pp. 5 - 9.

Miller Act preemption does not bar the plaintiff's state law claims against Newstrom, the general contractor. "Recovery under the Miller Act is not a supplier's exclusive remedy against a general contractor." *Sunworks Division of Sun Collector Corporation v. Insurance Company of North America*, 695 F.2d 455, 457 (10th Cir.

1982) (district court erred when it dismissed supplier's alternative claim of quantum meruit, implicitly ruling that supplier must recover under Miller Act or not at all).

The defendants' primary argument appears to be that the Miller Act preempts state law claims against sureties who issue bonds under the Miller Act. In this case, the plaintiff alleges six state law claims against Sears and ABBA, who are the sureties who issued the Miller Act bonds in question. The defendants have not cited anything in the Act, its legislative history, or the applicable regulations that indicates that Congress intended the Act to protect sureties from liability for torts or other state law violations that a surety may commit in connection with the issuance or administration of Miller Act bonds. The fact that Congress sought to protect persons supplying labor or materials on a federal construction projects by requiring bonds on such projects, without more, does not demonstrate that Congress also intended to preempt state law claims against sureties issuing such bonds.

The defendants' reliance *F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 126 (1974) is misplaced. In *Rich*, the Supreme Court held that a prevailing plaintiff on a Miller Act claim cannot recover attorney fees under a state law that authorizes attorney fee awards.

> The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law. Neither respondent nor the court below offers any evidence of congressional intent to incorporate state law to govern such an important element of Miller Act litigation as liability for attorneys' fees.

*F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.* 417 U.S. 116, 127 (1974). The holding in *Rich* limits the remedies available on a Miller Act claim to the remedies specified in the Act. However, this limitation does not indicate that the Miller Act preempts claims that are based on state law and not on the Miller Act.

6

Having reviewed carefully the arguments advanced and authorities cited by the parties, I concur with the ratiocination used and conclusion reached by the United States Court of Appeals for the Ninth Circuit when addressing the question of whether the Miller Act preempts state law claims against a surety who issued a Miller Act bond. "The Miller Act simply provides the equivalent of a mechanic's lien; it does not supplant any other remedies the supplier may have against any party involved in a federal construction project, [including the surety]. **K-W Industries v. National Surety Corp**, 855 F.2d 640, 643 (9th Cir. 1988). Thus, I conclude as a matter of law that the defendants are not entitled to summary judgment on the plaintiff's state law claims based on Miller Act preemption.

## V. STATE LAW CLAIMS & COUNTERCLAIMS

I have reviewed carefully the parties' briefs and exhibits related to the defendants' motion for partial summary judgment on the plaintiff's state law claims and the plaintiff's motion for partial summary judgment on the defendants' counterclaims. I find that there are genuine issues of material fact relating to the plaintiff's state law claims and the defendants' counterclaims. Assuming *arguendo* that the plaintiff or the defendants may be entitled to judgment on certain discreet claims, it is not mandatory that I grant partial summary judgment. **See Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's claims and the defendants' counterclaims are similar to each other, the theories of liability are intertwined, and the claims and counterclaims present concatenated issues of fact and law. The piecemeal resolution of the issues raised by the parties will not significantly

7

simplify or extenuate the evidence at trial. Accordingly, both the plaintiff's motion for partial summary judgment and the defendants' motion for partial summary judgment should be denied.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Combined Motion for Partial Summary Judgment** [#56] filed August 8, 2008, is **DENIED**; and

2. That the **Plaintiff's Amended Motion for Partial Summary Judgment Against Abba Bonding, Inc., Morris C. Sears and Joann Sears and Memorandum of Authorities** [#64] filed August 12, 2008, is **DENIED**.

Dated March 20, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge