**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01554-REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES, INC., d/b/a SILVERCOOL SERVICE CO., a Colorado corporation,

    Plaintiff,

v.

ABBA BONDING, INC., d/b/a ABBA BONDING , an Alabama corporation,

    Defendant.

**ORDER DISMISSING COUNTERCLAIMS &
FOR BRIEFING ON ENTRY OF DEFAULT JUDGMENT**

**Blackburn, J.**

    The matter comes before the court *sua sponte*. I conclude that the counterclaims of the defendant, Abba Bonding, Inc., must be dismissed and that the plaintiff should have an opportunity to file an application for the entry of default judgment against defendant, Abba Bonding, Inc.

    On February 26, 2010, I issued an **Order To Show Cause** [#181][1] to the defendant, Abba Bonding, Inc. As I rehearsed in that order, the defendant, a corporation, may appear in this case only when represented by legal counsel who is properly admitted to the bar of this court. When I entered the Order To Show Cause,

---

[1] "[#181]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Abba Bonding, Inc., had not been represented by counsel in this case for a substantial period of time. With trial looming – set to commence March 22, 2010 – I directed Abba Bonding, Inc., to show cause by March 10, 2010, why default judgment should not be entered against it under F<small>ED</small>. R. C<small>IV</small>. P. 55(b) and why its counterclaims should not be dismissed under D.C.COLO.LCivR 41.1. Abba Bonding, Inc., did not appear and was not represented at the Trial Preparation Conference held on February 26, 2010. Equally relevantly, Abba Bonding, Inc., has not responded to my order to show cause. In short, the record in this case bears no indication that Abba Bonding, Inc., is prepared to prosecute its counterclaims against the plaintiff, or that Abba Bonding, Inc., is prepared or will be prepared at trial to defend against the plaintiff's claims against Abba Bonding, Inc. In fact, the extant record suggests that Abba Bonding, Inc., is highly unlikely to appear for trial.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1345 (United States as plaintiff), 28 U.S.C. § 1352 (bond executed under federal law), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW & ANALYSIS

It is pellucid that a district court may sanction a party for its failure to defend or prosecute a case. The usual question is what sanction is condign.

> A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. ***Hancock v. City of Oklahoma City***, 857 F.2d 1394, 1396 (10th Cir.1988). But dismissal or other final disposition of a party's claim "is a severe sanction reserved for the extreme case, and is only appropriate where a

2

> lesser sanction would not serve the ends of justice." ***Id***. (citing ***Meade v. Grubbs***, 841 F.2d 1512 (10th Cir.1988)). In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. ***Id***. (citing ***Meade***). "Only when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." ***Id***.

***Reed v. Bennett***, 312 F.3d 1190, 1195 (10th Cir. 2002). Thus, I examine each of these superintending factors in turn.

   A.  <u>Prejudice to the plaintiff</u> - The record in this case demonstrates that the plaintiffs have expended substantial time, effort, and money preparing this case for trial. With no prospect and every likelihood that the defendant will be prepared for trial as scheduled to commence March 22, 2010, the plaintiff now faces substantial prejudice in the form of wasted time, effort, and expense in litigating this case. If the trial were continued, of necessity the continuance would prolong the pendency of this case for, at a minimum, over one year. At a continued trial, the plaintiff would have the residual benefit of much of its current trial preparations, but substantial trial preparations would, of necessity, have to be repeated as a later trial date drew near. Further, nothing in the record indicates that there is any possibility that Abba Bonding, Inc., would be prepared to prosecute its counterclaims and defend against the plaintiff's claims at a continued trial, regardless of when it commenced. Finally, a continuance would prolong for the plaintiffs the substantial and stressful uncertainty faced by all parties to pending litigation.

   B.  <u>Interference with the judicial process</u> - Similarly, the court, primarily through the efforts of the United States Magistrate Judge assigned to this case, has expended substantial time and effort preparing this case for trial. The defendant has short-

3

circuited those efforts by simply dropping out of sight. The first date on which the court could re-set this case for a five day trial without disturbing other trial settings is in May, 2011, more than a year in the future. Again, such a delay would impose substantial prejudice on the plaintiff. An earlier trial date would prodigally disturb the trials set in other cases, causing interference, inconvenience, and expense to other litigants, lawyers, and witnesses.

C. <u>Culpability of the litigant, Abba Bonding, Inc.</u> - The plaintiff and the court are ready to proceed to trial, butthe defendant, Abba Bonding, Inc., is not. Clearly and indefensibly, Abba Bonding, Inc., has substantial culpability for the disruption and other prejudice caused by its inability to proceed to trial.

D. <u>Conclusion</u> - Having considered the record as a whole and the relevant factors, as enunciated in **Reed v. Bennett**, 312 F.3d at 1195, I conclude that the counterclaims of Abba Bonding, Inc., must be dismissed with prejudice for its unmitigated failure to prosecute its counterclaims. Additionally, on December 18, 2009, the Clerk of the Court entered default [#165] against Abba Bonding, Inc., on the plaintiff's claims.

The plaintiff asserts in its Complaint [#1] filed July 23, 2007, claims for damages against Abba Bonding, Inc. However, under FED. R. CIV. P. 54(b), I may not enter default judgment on the plaintiff's claims against Abba Bonding, Inc., without first determining the amount of damages suffered by the plaintiff. I will provide in this order a reasonable time in which the plaintiff may apply for a default judgment against Abba Bonding, Inc.

As the **Reed** court noted, the judicial system has a "strong predisposition to resolve cases on their merits. . . ." 312 F.3d at 1195. After expending substantial time,

4

expense, and effort, the court and the plaintiff are prepared to resolve this case on its merits at a trial beginning March 22, 2010. Abba Bonding, Inc., the defendant, is unwilling or unable to present the merits, if any, of its counterclaims and its defense against the plaintiff's claims at trial. It is Abba Bonding, Inc., who stands in the way of a resolution of the pending substantive claims and counterclaims on the schedule set consensually by the court and the parties long ago. Having considered the totality of relevant circumstances, I conclude ultimately that the three **Reed** factors outweigh the usual predisposition to resolve cases on the merits and weigh heavily in favor of dismissal with prejudice of the counterclaims and, if properly substantiated by the plaintiff, entry of default judgment against Abba Bonding, Inc.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#181] filed February 26, 2010, is **MADE ABSOLUTE**;

2. That under FED. R. CIV. P. 41 and D.C.COLO.LCivR 41.1, the counterclaims asserted by Abba Bonding, Inc., in its **Answer and Counterclaim of Defendant, Abba Bonding Inc.** [#10] filed August 20, 2007, are **DISMISSED WITH PREJUDICE** for failure to prosecute;

3. That the trial set to commence March 22, 2010, is **VACATED**;

4. That the plaintiff shall have until April 7, 2010, to file an application for default judgment against defendant, Abba Bonding, Inc., in compliance with the requirements of FED. R. CIV. P. 54(b); and

5. That absent the filing of a timely application for default judgment by the plaintiff, the court will dismiss the plaintiff's claims against defendant, Abba Bonding,

Inc., without prejudice and will close this case.

Dated March 18, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge