**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01554-REB-CBS

UNITED STATES OF AMERICA for the use of
JBLANCO ENTERPRISES INC., d/b/a SILVERCOOL SERVICE CO., a Colorado corporation,

    Plaintiff,

v.

ABBA BONDING,INC. d/b/a ABBA BONDING, an Alabama corporation,

    Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AND
PROVIDING FOR THE ENTRY OF DEFAULT JUDGMENT
UNDER FED. R. CIV. P. 55(b)(2)**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Entry of Judgment Against Defendant ABBA Bonding, Inc.** [#186][1] filed April 8, 2010.  No response to the motion has been filed.  I grant the motion and provide for the entry of default judgment under Fed. R. Civ. P. 55(b)(2) and 58(a).

## I.  JURISDICTION

I have jurisdiction over this case under 40 U.S.C. §§ 3131 - 3134 (Miller Act), 28 U.S.C. § 1345 (United States as plaintiff), and 28 U.S.C. § 1352 (action on bond executed under U.S. law), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367

---

[1] "[#186]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Clerk of the Court must enter the party's default.  FED. R. CIV. P. 55(a).  After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default judgment against the defaulting party.  FED. R. CIV. P. 55(b).

## III.  ANALYSIS

The clerk entered default [#165] against the defendant, ABBA Bonding, Inc., d/b/a Abba Bonding, an Alabama Corporation.  ABBA Bonding, Inc. is neither a minor nor an incompetent person.  The plaintiff has demonstrated by affidavit that it is entitled to judgment for a sum certain against ABBA Bonding, Inc.  Thus, the plaintiff is entitled to default judgment against ABBA Bonding, Inc. under Fed. R. Civ. P. 55(b)(2).

The plaintiff has established that it is entitled to judgment in the principal sum of 191,877.04 dollars.  Based on the plaintiff's claims under Colorado law, under §5-12-102, C.R.S., the plaintiff is entitled to prejudgment interest at the rate of eight percent (8%) per annum, compounded annually.  Through March 31, 2010, the amount of prejudgment interest accrued is 51,402.47 dollars.  Per diem interest has accrued thereafter at the rate of 49.05 dollars per day.   From March 31, 2010, through February 22, 2011, an additional 16,088.40 dollars of prejudgment interest has accrued.  The total accrued prejudgment interest is 67,490.87 dollars.

One of the plaintiff's claims against ABBA Bonding, Inc. is asserted under the Colorado Consumer Protection Act, §§6-1-1-1 through 6-1-1120, C.R.S. (CCPA).  An

injured party who prevails on a CCPA claim and who establishes, by clear and convincing evidence, that the defendant engaged in bad faith conduct, is entitled to treble damages.  §6-1-113, C.R.S.  Based on the affidavit of Jeanette Wellers, attached to the motion for default judgment, and the evidence attached to the plaintiff's **Amended Motion for Partial Summary Judgment** [#64] and the **Plaintiff's Motion for Sanctions** [#108], I find and conclude that the plaintiff has established by clear and convincing evidence that ABBA Bonding, Inc. engaged in bad faith conduct, and that conduct is related directly to the plaintiff's CCPA claim.  Therefore, I conclude that the plaintiff is entitled to treble damages.  Notably, the damages claimed by the plaintiff on its CCPA claim against ABBA Bonding, Inc. are the same damages claimed by the plaintiff on its other claims against ABBA Bonding, Inc.  The damages established by the plaintiff total 191,877.04 dollars.  When trebled, the plaintiff's damages equal 575,631.12 dollars.  I do not include prejudgment interest in the treble damages figure.

Under §6-1-113, C.R.S., the plaintiff is entitled also to reasonable attorney fees and costs.  The plaintiff has shown that it incurred reasonable attorney fees in the amount of 219,928.00 dollars, and reasonable costs in the amount of 4,586.54 dollars.

The defendant asserted counterclaims in this case which remain pending.  The defendant has done nothing to prosecute its counterclaims since its counsel of record was permitted to withdraw on December 10, 2009 [#163].  Under FED. R. CIV. P. 41(b), I dismiss the defendant's counterclaims for lack of prosecution.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Entry of Judgment Against Defendant ABBA Bonding, Inc.** [#186] filed April 8, 2010, is **GRANTED**;

2. That pursuant to Fed. R. Civ. P. 55(b)(2), **DEFAULT JUDGMENT SHALL**

**ENTER** in favor of the plaintiff, United States of America for the use of JBlanco Enterprises Inc., d/b/a Silvercool Service Co., a Colorado corporation, and against the defendant, ABBA Bonding, Inc., d/b/a/ ABBA Bonding, an Alabama Corporation, on each of the plaintiff's claims against the defendant;

    3.  That the plaintiff is **AWARDED** damages, interest, attorney fees, and costs in the following amounts:

        A. 575,631.12 dollars, representing treble damages under §6-1-113, C.R.S. ; plus

        B.  67,490.87 dollars, representing prejudgment interest through February 22, 2011; plus

        C.  219,928.00 dollars, representing reasonable attorney fees incurred by the plaintiff; plus

        D.  4,586.54 dollars, representing reasonable costs incurred by the plaintiff;

    4.  That under FED. R. CIV. P. 41(b), the defendant's counterclaims are **DISMISSED**;

    5.  That **JUDGMENT SHALL ENTER** as required by FED. R. CIV. P. 58(a); and

    6.  That this case is **CLOSED**.

Dated February 22, 2011, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Bob Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge